UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Magistrate Judge |
| Plaintiff, ) | No. 05-113-01 |
| ) | |
| v. ) | ORDER OF PROBABLE CAUSE AND |
| ) | GRANTING DEFENDANT'S MOTION |
| MISTY LEE LEWIS, ) | TO RECONSIDER |
| ) | |
| Defendant. ) | |
| ) | |

At the April 28, 2005, probable cause hearing and hearing on Defendant's Motion to Reconsider (Ct. Rec. 13), Assistant U.S. Attorney Stephanie A. Whitaker appeared for the United States. Defendant was present with retained counsel Frank Cikutovich. The United States did not oppose Defendant's Motion.

The Defendant, personally and through counsel, waived preliminary examination and on this waiver, the court finds probable cause to believe Defendant committed the charged offense

**IT IS ORDERED** that Defendant, on the finding of probable cause, is bound over to the United States District Court for trial.

**IT IS FURTHER ORDERED** that Defendant's unopposed Motion **(Ct. Rec. 13)** is **GRANTED**. Defendant shall be released on the following conditions:

1. Defendant shall participate in an outpatient treatment program. **Prior to release, her first appointment must be confirmed**

ORDER OF PROBABLE CAUSE AND GRANTING
DEFENDANT'S MOTION TO RECONSIDER -1

**by Pretrial Services.** Defendant shall comply with all of the rules of the treatment program. If Defendant fails in any way to comply or cooperate with the requirements and rules of the treatment program, Pretrial Services shall notify the court and the U.S. Marshal, who will be directed to immediately arrest the Defendant. Defendant shall be responsible for the cost of the treatment. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the treatment vendor. **Defendant shall attend NA meetings at least three times a week.**

    2.  Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise her supervising Pretrial Services Officer and her attorney within one business day of any charge, arrest, or contact with law enforcement.

    3.  Defendant shall not commit any offense in violation of federal, state or local law.

    4.  Defendant shall advise the court and the United States Attorney in writing before any change in address.

    5.  Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

    6.  Defendant shall reside with Ms. Chastain and abide by her house rules. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

    7.  **Except for substance abuse treatment appointments or employment purposes, Defendant shall have a curfew of 6:00 p.m. to 6:00 a.m.**

    8.  Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity,

Defendant may obtain prior written permission to leave this area from the United States Probation Office.

9. Defendant shall maintain or actively seek lawful employment, only with the permission and approval of her substance abuse counselor and Pretrial Services.

10. Defendant shall not possess a firearm, destructive device or other dangerous weapon.

11. Defendant is further advised, if this matter proceeds to Indictment, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

12. Defendant shall refrain from the excessive use of alcohol, and the use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant shall submit to a regular urinalysis, or related testing, as directed by a United States Probation Officer. Defendant shall undergo a mental health evaluation, if directed by a United States Probation Officer, and complete treatment indicated by this evaluation. Defendant shall be responsible for the cost of testing, evaluation and treatment unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment.

13. Defendant shall report to the United States Probation

ORDER OF PROBABLE CAUSE AND GRANTING
DEFENDANT'S MOTION TO RECONSIDER -3

1 Office before or immediately after her release and shall report as
2 often as they direct, at such times and in such manner as they
3 direct.  Defendant shall contact her attorney at least once a week.

4   14.  **Defendant shall have no contact, direct or indirect, with**
5 **Co-Defendant Tracy Lewis.**

6   **Defendant is advised a violation of any of the foregoing**
7 **conditions of release may result in the immediate issuance of an**
8 **arrest warrant, revocation of release and prosecution for contempt**
9 **of court, which could result in imprisonment, a fine, or both.**
10 **Specifically, Defendant is advised a separate offense is established**
11 **by the knowing failure to appear and an additional sentence may be**
12 **imposed for the commission of a crime while on this release.  In**
13 **this regard, any sentence imposed for these violations is**
14 **consecutive to any other sentence imposed.**

15   **IT IS FURTHER ORDERED** the United States Marshal shall keep
16 Defendant in custody until notified by the District Court Executive
17 or judicial officer that Defendant has posted bond and/or complied
18 with all other conditions for release.  Until such time, Defendant
19 shall be produced before the appropriate judicial officer at the
20 time and place specified.

21   DATED April 28, 2005.

            S/ CYNTHIA IMBROGNO
         UNITED STATES MAGISTRATE JUDGE

ORDER OF PROBABLE CAUSE AND GRANTING
DEFENDANT'S MOTION TO RECONSIDER -4